IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR LOPEZ ESCAMILLA, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-13-2640 |
| | | Criminal Case No. GLR-11-0303 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Victor Lopez Escamilla's Motion under 28 U.S.C. § 2255 (2012) to Vacate, Set Aside, or Correct Sentence (ECF No. 78). The United States opposes the Motion (ECF No. 86). The Motion is ripe for disposition. On January 5, 2017, this Court conducted a hearing on the Motion and took testimony from three witnesses, including Escamilla. Escamilla's primary language is Spanish, and he required a Spanish interpreter at trial and the motions hearing.

On February 15, 2012, after a three-day trial, a jury convicted Escamilla of identification document fraud, social security fraud, and immigration document fraud. (ECF No. 41). On March 21, 2012, this Court sentenced Escamilla to 97 months in prison. (ECF No. 55). Escamilla appealed the sentence, and on February 12, 2013, the United States Court of Appeals for the Fourth Circuit affirmed. (ECF No. 74).

Escamilla asserts that his court-appointed attorney, Anthony D. Martin, Esq., provided him ineffective assistance of counsel. Escamilla maintains that this ineffective assistance resulted in his conviction and purportedly unlawful sentence. Escamilla asserts that Martin provided ineffective assistance in three specific instances: (1) when Martin failed to provide

1

Escamilla with a Spanish interpreter to discuss a second plea offer from the Government; (2) when Martin failed to give him a copy of discovery documents;[1] and (3) when Martin gave Escamilla the second plea offer three days before trial, thereby affording Escamilla insufficient time to review and contemplate the second plea offer.[2]

When a petitioner alleges ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To demonstrate deficient performance, a petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. When determining whether counsel's conduct was deficient, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

To demonstrate prejudice, a petitioner must "show that there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different." Id. at 694. In the context of plea bargaining, the prejudice standard requires proof of

---

[1] It should be noted that Escamilla does not assert that Martin did not review the discovery documents with him—only that he was not given a physical copy of them to review himself.

[2] Escamilla made two additional claims in his Petition, but he withdrew them at the motions hearing. First, Escamilla claimed that Martin failed to argue that Escamilla should not be charged with identity theft. Escamilla withdrew this claim after understanding that he was not convicted of identity theft. Second, Escamilla claimed that Martin failed to explain how the plea bargaining would affect the length of his sentence, specifically, the "safety valve" provision. Escamilla withdrew this claim after learning he was not eligible for the "safety valve" provision.

"a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

During the hearing, the Court heard testimony from Escamilla, Martin, and an investigator that Martin hired, John McAvoy.[3] Upon consideration of the credible testimony of the witnesses, including Escamilla, the Court finds that Escamilla has failed to demonstrate that Martin's performance was deficient.

The testimony and evidence introduced at the motions hearing revealed that the Government made two plea offers to Escamilla: one in October 2011 and the other on February 6, 2012. The October 2011 plea was translated from English to Spanish, and Escamilla had the opportunity to review the document with his attorney. Escamilla rejected the first plea offer. Once Martin was appointed to represent Escamilla in December 2011, he met with him and reopened pretrial negotiations with the Government.

On December 30, 2011, Martin and McAvoy met with Escamilla to review discovery and discuss Escamilla's options, including pleading guilty or going to trial. The undisputed testimony reveals that Escamilla became upset and walked out of the meeting. According to Escamilla, he was upset that McAvoy was using obscene words with him. McAvoy asserts that Escamilla indicated he was not interested in a plea agreement, but was only interested in obtaining the discovery and the names of the witnesses. Martin explained to Escamilla that Martin was bound by the discovery agreement not to provide Escamilla his own copy of the discovery. When Escamilla learned this, he became enraged and stormed out of the meeting.

---

[3] As a result of Escamilla's previous insistence on going to trial, Martin engaged McAvoy to assist in the pretrial investigation.

Also on December 30, 2011, Martin sent Escamilla a letter in both English and Spanish. The letter outlined the charges and explained Escamilla's options and the potential consequences of those options.

Martin believed that Escamilla's greatest concern regarding the first plea offer was a section of the agreement that required him to stipulate to a nine-level enhancement based on the number of documents involved in the fraud. Martin, therefore, negotiated a second plea offer that eliminated that stipulation and allowed the parties to argue at sentencing the applicability of the enhancement. Time was of the essence, however, because the second plea offer expired on February 10, 2012.

On February 9, 2012, Martin met with Escamilla for the purpose of preparing for trial and reviewing the second plea offer. Although the second plea offer was written only in English, Martin advised Escamilla in Spanish of the only change: the lack of a stipulation regarding the nine-level enhancement. Escamilla rejected the second plea offer.

The Court finds there was no need for a Spanish interpreter during the December 30 meeting because both McAvoy and Martin were fluent in Spanish and were able to communicate effectively with Escamilla during their meetings with him. Further, the Court finds that Escamilla became upset and walked out of the meeting because of Martin's refusal to turn over the discovery to him. There was no evidence before the Court regarding any request for an interpreter and certainly no evidence of a need for one. Thus, the Court concludes that Martin's failure to secure an interpreter was not deficient.

The Court also finds that the first plea offer was translated to Spanish and Escamilla had the opportunity to review and understand it. The second plea offer had only one change: there would not be a stipulation as to a nine-level enhancement. The remainder of the plea offer

remained the same.  Escamilla was aware of the change.  And, given brevity of the change, Escamilla had adequate time to consider whether to accept the plea. The Court finds that Escamilla summarily rejected the offer to plead guilty.  Further, the Court finds Escamilla was aware of all of his options, including the ability to plead guilty without a plea agreement.  The Court, therefore, concludes that Martin was not in any away deficient in failing to translate the second plea offer from English to Spanish.

Finally, as to the failure to receive discovery materials, it is clear that a court order was in place which prohibited disbursement of discovery materials to Escamilla.  Martin requested the Court vacate the non-disclosure order, but the request was denied.  Consequently, Martin was prohibited from providing the actual documents to Escamilla.  The Court, therefore, concludes that Martin's failure to provide the discovery materials was proper and in no way deficient.

For the foregoing reasons, the Court finds that Escamilla has failed to meet his burden of proving ineffective assistance of counsel.  Accordingly, the Motion to Vacate (ECF No. 78) is DENIED.  The Court will also elect NOT TO ISSUE a certificate of appealability because Escamilla has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Specifically, Escamilla has failed to demonstrate "that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529, U.S. 473, 484 (2000).  The Clerk is directed to CLOSE this case.

So ORDERED this 18th day of April 2017.

/s/

_____
George L. Russell, III
United States District Judge